**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br>69 NORTH FRANKLIN TURNPIKE, LLC,<br>Debtor | Civil Action No.: 16-cv-02254 (CCC)<br><br>**OPINION** |
| GRACE S. WONG,<br><br>Appellant,<br><br>v.<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>Appellee. | |

**CECCHI, District Judge.**

**I.  INTRODUCTION**

Appellant Grace S. Wong ("Appellant" or "Wong"), who is proceeding pro se, appeals from the April 14, 2016 order (ECF No. 1-1) of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") dismissing with prejudice the Amended Complaint in her adversary proceeding against Appellee PNC Bank, National Association ("Appellee" or "PNC"). Before the Court is Appellee's motion to dismiss the appeal pursuant to Federal Rule of Bankruptcy Procedure 8013. ECF No. 3. The Court has considered the materials submitted in support of and in opposition to the motion. ECF Nos. 3, 5, 7-9. The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b).[1]

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

For the reasons set forth below, the motion to dismiss is **GRANTED** in part and **DENIED** in part, and the parties are ordered to complete briefing the appeal.

The Court has jurisdiction pursuant to 28 U.S.C. § 1334.

## II.  BACKGROUND

Appellant Wong claims she and her husband each owned a fifty percent share of 69 North Franklin Turnpike, LLC (the "LLC" or "Debtor"). Amended Complaint "Compl." ECF No. 3-2 at 1. On April 6, 2015, the LLC filed a bankruptcy petition, and on April 30, 2015, the LLC was dissolved by a Bankruptcy Court order. Id. Wong alleges the Bankruptcy Court did not sign this order, and therefore, it is void. Id. On May 8, 2015, Wong's husband filed for bankruptcy, and as a result Wong alleges she "acquired 100% of the voting rights in the LLC." Id. On June 23, 2015, Wong was informed that PNC sold the Debtor's foreclosed property on June 5, 2015. Id. at 2. Wong alleges that because the order's voidness left the Debtor's bankruptcy in place, and because she did not receive proper notice that the foreclosed property was being sold while proceedings were ongoing, the sale violated the automatic stay on the Debtor's property. Id. at 6.

Wong filed a complaint against PNC on November 24, 2015[2] in New Jersey Superior Court, Chancery Division—Equity Part in Bergen County, referring to herself in the caption as "Grace S. Wong." ECF No. 3-2 Ex. A. Wong filed an Amended Complaint on December 3, 2015, referring to herself in the caption as "Grace S. Wong – Member." Id. Ex. C. On December 7, 2015, Wong recorded a lis pendens against Debtor's property with the Bergen County Clerk. Id.

---

[2] Wong has filed at least one previous action in Debtor's name with this Court. On September 9, 2015, Wong filed a notice of appeal in Debtor's name from two Bankruptcy Court orders. In the Appellant's Brief, Wong alleged PNC violated the automatic stay by selling Debtor's property. The Court dismissed the case, finding the Debtor must be represented by a licensed attorney, and "Mrs. Wong's attempt to represent Appellant before this Court constitutes the unauthorized practice of law." 69 N. Franklin Tpk. LLC et al v. PNC Bank, Nat. Ass'n, No. 15-07018-SDW (D.N.J. Jan. 26, 2016).

2

Ex. B. On December 21, 2015, PNC filed a Notice of Removal, and on January 14, 2016, this Court referred the matter to the Bankruptcy Court pursuant to 28 U.S.C. § 157. See Wong v. PNC Bank, Nat. Ass'n, No. 15-8791 (CCC-MF) (D.N.J. Jan. 15, 2016).

The Bankruptcy Court entered an order on March 8, 2016 discharging the lis pendens, and another order on April 14, 2016, dismissing the Amended Complaint.[3] The second order is the subject of this appeal. In the April 14 order, the Bankruptcy Court held that dismissal was warranted on claim and issue preclusion grounds, because the Bankruptcy Court had already ruled that the April 30, 2015 order was not void, and that neither the sale of the Debtor's foreclosed property nor the lack of notice to Wong was improper because the bankruptcy proceedings ended before the sale took place. ECF No. 1-1 at 3-5. The Bankruptcy Court also stated that:

> [T]he party with standing to assert the Alleged Stay Violations and the Bankruptcy Notice Issues is the Debtor . . . . Ms. Wong, as a member of the Debtor, does not have standing to assert Alleged Stay Violations on the Bankruptcy Notice Issues on behalf of the Debtor. Nonetheless, the Court previously heard and considered the merits of the arguments made by G. Wong regarding the Alleged Stay Violations and Bankruptcy Notice Issues and determined them adversely to the Debtors.

Id. at 5-6. The April 14 order lists Appellant in the caption as "Grace S. Wong – Member" and notes that the Bankruptcy Court is using the name from the caption in Appellant's Amended Complaint. Id. at 1 & n.1.

On April 18, 2016, Wong filed a notice of appeal with this Court, listing herself in the caption as "Grace S. Wong" and omitting "Member." ECF No. 1. On April 28, 2016, PNC filed the instant motion to dismiss. ECF No. 3. After the motion was filed, Appellant opposed the

---

[3] Wong filed a second lis pendens against the Debtor's property, which was recorded on March 11, 2016. Id. at Ex. G. The second lis pendens was discharged with prejudice in the Bankruptcy Court's April 14th order. ECF No. 1.

3

motion, ECF Nos. 7, 9, but did not file a brief in support of the appeal, and Appellee did not file an opposition to the appeal separate from the motion to dismiss. Thus, the appeal itself has not yet been briefed.

### III. DISCUSSION

Appellee moves to dismiss the instant appeal for two alternative reasons: on the one hand, if Wong is seeking to represent the Debtor, she cannot do so because she is not an attorney, ECF No. 3 at 11-13; or alternatively, if Wong is personally bringing the claims alleged in the Amended Complaint, she lacks Article III standing to do so, id. at 7-10. The Court will discuss these arguments in turn.

#### A. Legal Standard

United States district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" or "with leave of court, from other interlocutory orders and decrees" of bankruptcy courts. 28 U.S.C. § 158(a). An appellee may move to dismiss an appeal from a bankruptcy court on certain jurisdictional or procedural grounds, such as that the appellant lacks appellate standing, see In re Fryer, 235 F. App'x 951, 953 (3d Cir. 2007),[4] on mootness grounds, see In re Tempo Tech. Corp., 202 B.R. 363, 374 (D. Del. 1996), for failure to prosecute, or as a sanction for failure to comply with applicable procedural rules, see Fryer, 235 F. App'x at 953-54; In re Richardson Indus. Contractors, Inc., 189 F. App'x 93, 96 (3d Cir. 2006). By contrast, if an appellee wishes to challenge a bankruptcy appeal on grounds other than the aforementioned jurisdictional or

---

[4] In bankruptcy law, "[s]tanding to appeal an order of the Bankruptcy Court is limited to 'persons aggrieved' by the challenged decision." In re Fryer, 235 F. App'x at 953 (citing In re Dykes, 10 F.3d 184, 187 (3d Cir. 1993)). This "appellate standing" is narrower than both Article III standing and "bankruptcy standing." See id.; In re Glob. Indus. Techs., Inc., 645 F.3d at 209 (3d Cir. 2011) (differentiating Article III standing, "bankruptcy standing" and "appellate standing" in the context of a bankruptcy appeal).

procedural defects, the appellee should do so in its opposition to the appeal, rather than in a motion to dismiss, and it is appropriate for the district court to decide such challenges after the appeal has been fully briefed. See, e.g., Karoly v. Schwab, Civil Action No. 3:13-138, 2013 WL 6909956, at *3 (M.D. Pa. Dec. 31, 2013) (denying a motion to dismiss because the appellee's arguments were based on the merits of the bankruptcy court's decision; ordering full briefing of the appeal).

Among the challenges to an appeal that the district court should decide after the appeal is fully briefed—rather than on a motion to dismiss—is whether the bankruptcy court correctly determined that a party did not have standing in the underlying action before the bankruptcy court. See In re Glob. Indus. Techs., Inc., 645 F.3d at 209; Mt. McKinley Ins. Co. v. Pittsburgh Corning Corp., 518 B.R. 307, 318 (W.D. Pa. 2014) ("Standing to appeal the substance of the bankruptcy court's decision is distinct from standing to appeal the bankruptcy court's denial of bankruptcy standing. A party denied standing by the bankruptcy court may appeal that decision." (internal quotations and citation omitted)).[5]

B.  Wong's Representation of the LLC

Under 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The Third Circuit has long interpreted § 1654 to mean that a business entity must appear in federal court through an attorney at law admitted to

---

[5] A bankruptcy court's finding that an appellant lacked standing in the underlying action does not deprive the appellant of appellate standing before the district court. To the contrary, a district court should not grant a motion to dismiss a bankruptcy appeal merely because the bankruptcy court held that the appellant lacked standing in the underlying action. In re Glob. Indus. Techs., Inc., 645 F.3d at 209 (failure to address an appeal of bankruptcy standing before dismissing for lack of appellate standing "would risk leaving parties in interest who have been erroneously denied bankruptcy standing . . . without legal redress for that error"; see also In re Pittsburgh & L. E. R. Co. Sec. & Antitrust Litig., 543 F.2d 1058, 1064 (3d Cir. 1976) ("A party denied standing to sue, or to intervene, or to object, may obviously appeal such a determination.").

5

practice, rather than through a non-attorney representative of the entity. Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966). A filing by a non-lawyer on behalf of another person or entity cannot be considered by the Court. See Hernandez v. Cullison, Civil Action No. 05-3038 (FLW), 2006 WL 1804579, at *6 (D.N.J. June 26, 2006) (striking and disregarding a non-lawyer's opposition brief on behalf of plaintiff); In re Earle Indus., Inc., 67 B.R. 822, 823 (E.D. Pa. 1986) (denying motion to set aside a default judgment because it was filed by a non-attorney on behalf of a corporation).

Appellee's argument that Wong, a pro se litigant, cannot represent the LLC on this appeal, and that her attempt to do so effectively renders the appeal a nullity, appears to be the type of procedural challenge that the Court may adjudicate on the present motion to dismiss.

However, it is not entirely clear whether Wong is, in fact, representing the LLC—rather than herself—in either the underlying adversary proceeding or the present appeal. Some aspects of this case seem to suggest that Wong is representing herself only. For example, the Amended Complaint indicates that "Plaintiff Wong is a natural person" and alleges an injury to Wong's own economic interests. Compl. ¶¶ 1, 22. The caption in all of Appellant's filings in the appeal indicates "Grace S. Wong" as the Appellant. In her opposition to the present motion, Wong indicates that "[t]he true identity of the plaintiff in this matter is an individual and not a member of the Debtor as alleged by PNC in the United States Bankruptcy Court." ECF No. 7 at 6. On the other hand, there are indications to the contrary. The caption in the Amended Complaint indicates the plaintiff is "Grace S. Wong – Member," which may or may not suggest Wong is attempting to sue on behalf of the LLC, Compl. at 1. Moreover, somewhat inconsistently, Wong's opposition to the motion argues "[a]s a matter of public policy, it may well be that the time has come to extend

the right to self-representation to a small LLC such as that presently before the court" and cites what appear to be several state law cases in support of this proposition. ECF No. 7 at 3-4.

Appellee argues that "[t]he fact that G. Wong is the named plaintiff in the Litigation does not change the fact that the Litigation was effectively brought on behalf of the Debtor and, for that reason, should also be dismissed with prejudice because G. Wong cannot represent the Debtor pro se." ECF No. 3 at 11. But Appellee provides no case law to suggest that the Court should look at the substance of the action, rather than Appellant's name in the caption, to determine whether a non-lawyer is "effectively" representing a business entity despite purporting to represent herself, and the Court is aware of no such case law. Nor does Appellee provide the Court with case law showing that "Grace S. Wong – Member" necessarily indicates that Appellant is suing on behalf of the LLC.[6]

The Court has an obligation to pro se litigants to construe their pleadings and arguments liberally. For this reason, the Court construes Appellant's underlying Complaint and this appeal as bringing all proceedings both in her individual capacity and on behalf of the LLC. In doing so, the Court is guided by the Third Circuit's decision in Brooks-McCollum v. State Farm Ins. Co., 321 F. App'x 205 (3d Cir. 2009). There, appellant "purported to bring her suit, and purport[ed] to appeal, both individually and on behalf of" a company for which she was on the board of directors. Id. at 206 & n.1. The Third Circuit held it had jurisdiction over the appeal insofar as appellant brought the suit and appeal on her own behalf, and dismissed the appeal only insofar as appellant

---

[6] The only case cited even arguably on point for such a proposition is Van De Berg v. Comm'r of Internal Revenue, 175 F. App'x 539 (3d Cir. 2006). In that case, the Third Circuit held that an individual, Stephen M. Van De Berg, could not personally represent an entity called "Stephen M. Van De Berg (Trust)." Id. at 540-41. But that case is distinguishable from this one, because the Van De Berg trust was the named plaintiff in the action, and Van De Berg the individual was unequivocal that the trust was the true plaintiff.

purported to represent the company as well. Id.; accord Am. Corp. Soc'y v. Valley Forge Ins. Co., 424 F. App'x 86, 87 n.1 (3d Cir. 2011) ("To the extent that [appellant] also seeks to appeal the District Court's order on behalf of his company . . . he cannot do so because a corporation may appear and be represented in this Court only by a licensed attorney who is also a member of this Court's bar. Accordingly, as to any claims against [the company], the appeal is dismissed." (internal citation omitted)).

As a non-lawyer, Appellant cannot represent the LLC. Simbraw, 367 F.2d at 374. Therefore, to the extent the appeal is brought on behalf of the LLC, it is a legal nullity that the Court cannot adjudicate, and it must be dismissed. However, Wong can represent herself pro se in this appeal, and to the extent this appeal is brought on behalf of Wong as an individual, the Court must analyze whether dismissal of the appeal is proper as to her.

### C. Wong's Standing in the Underlying Adversary Proceeding

Appellee argues that dismissal of the appeal is warranted because Wong personally lacks Article III standing to pursue the causes of action alleged in the Amended Complaint in the underlying adversary proceeding. ECF No. 3 at 7-10.

The Bankruptcy Court appears to have dismissed the underlying adversary proceeding in part because it determined Appellant personally lacked standing to bring claims belonging to the Debtor. See ECF 1-1 at 5 ("Ms. Wong, as a member of the Debtor, does not have standing to assert Alleged Stay Violations on the Bankruptcy Notice Issues on behalf of the Debtor."). This Court has jurisdiction to hear an appeal of a bankruptcy court's determination of standing in the underlying action, and it is appropriate for the Court to wait for full briefing of the appeal before deciding whether the Bankruptcy Court was correct. See supra Part III.A; In re Glob. Indus. Techs., Inc., 645 F.3d at 209.

8

However, as of this date, the Court has not yet received the parties' briefs in support of and opposition to the appeal. Thus, the parties are hereby directed to file their briefs in accordance with this Opinion and the accompanying order.

## IV. CONCLUSION

For the foregoing reasons, the motion is **GRANTED IN PART AND DENIED IN PART**, and the appeal is **DISMISSED** insofar as it is brought on behalf of the Debtor, but not insofar as it is brought on behalf of Wong herself.

Appellant must serve and file a brief within thirty (30) days from the date of this Opinion. See Fed. R. Bankr. P. 8014, 8015, 8018. Appellee must serve and file a brief within thirty (30) days after service of Appellant's brief, and Appellant may serve and file a reply brief within fourteen (14) days after service of Appellee's brief. Fed. R. Bankr. P. 8018.

In light of the parties' forthcoming submissions, the appeal brought on behalf of Wong herself is administratively terminated. The appeal shall be reinstated as of the date of filing of Appellant's brief.

An appropriate Order accompanies this opinion.

CLAIRE C. CECCHI, U.S.D.J.

Date: February 28, 2017