NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br>69 NORTH FRANKLIN TURNPIKE, LLC,<br><br>Debtor<br><br>GRACE S. WONG,<br><br>Appellant,<br><br>v.<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>Appellee. | Civil Action No.: 16-cv-02254 (CCC)<br><br>**AMENDED OPINION** |

**CECCHI, District Judge.**

I. **INTRODUCTION**

Appellant Grace S. Wong ("Appellant" or "Wong"), who is proceeding *pro se*, appeals from the April 14, 2016 order (ECF No. 1-1) of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") dismissing with prejudice the Amended Complaint in her adversary proceeding against PNC Bank, National Association ("PNC"). The Court has considered the materials submitted in support of and in opposition to the appeal. (ECF Nos. 12, 13). The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b).[1] For the reasons set forth below, the Bankruptcy Court's decision is affirmed.

---

[1] The Court considers any new arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

## II. BACKGROUND

Appellant Wong claims she and her husband each owned a fifty percent share of 69 North Franklin Turnpike, LLC (the "LLC" or "Debtor"). (ECF No. 3-2 at 2). On April 6, 2015, the LLC filed a bankruptcy petition, and on April 30, 2015, "an Order Dismissing Case for Failure to File Missing Documents was recorded on the Case Docket Sheet."[2] (*Id.* at 4). Wong alleges that the Bankruptcy Court did not sign this order, and therefore, that it is void. (*Id.* at 2). Moreover, on May 8, 2015, Wong's husband filed for bankruptcy, and as a result, Wong alleges that she "acquired 100% of the voting rights in the LLC." (*Id.*). On June 23, 2015, Wong was informed that PNC sold the Debtor's foreclosed property on June 5, 2015. (*Id.* at 3). Wong alleges that because the order's invalidity left the Debtor's bankruptcy in place, and because she did not receive proper notice that the foreclosed property was being sold while proceedings were ongoing, the sale violated the automatic stay on the Debtor's property. (*Id.* at 7).

Wong filed a complaint against PNC on November 24, 2015[3] in the New Jersey Superior Court, Chancery Division—Equity Part in Bergen County, referring to herself in the caption as "Grace S. Wong." (*Id.* at 2). Wong filed an Amended Complaint on December 3, 2015, referring to herself in the caption as "Grace S. Wong – Member." (*Id.* at 16). On December 7, 2015, Wong recorded a lis pendens against Debtor's property with the Bergen County Clerk. (*Id.* at 11-14).

---

[2] Appellant also alleges that on April 30, 2015, the LLC was dissolved by a Bankruptcy Court order. (ECF No. 3-2 at 2). Upon review of the Bankruptcy Court docket sheet, however, it appears that an order of dismissal, rather than an order of dissolution, was entered by the Bankruptcy Court on April 30, 2015.

[3] Wong has filed at least one previous action in the Debtor's name in this District. On September 22, 2015, Wong filed a notice of appeal in the Debtor's name from two Bankruptcy Court orders. In Appellant's Brief in that action, Wong alleged that PNC violated the automatic stay by selling the Debtor's property. The Court dismissed the case, finding that the Debtor must be represented by a licensed attorney, and "Ms. Wong's attempt to represent Appellant before this Court constitutes the unauthorized practice of law." *In re 69 N. Franklin Tpk., LLC*, No. 15-7018 (D.N.J. Jan. 26, 2016), *aff'd*, 693 F. App'x 141 (3d Cir. 2017).

On December 21, 2015, PNC filed a Notice of Removal, and on January 14, 2016, this Court referred the matter to the Bankruptcy Court pursuant to 28 U.S.C. § 157. *See Wong v. PNC Bank, Nat'l Ass'n*, No. 15-8791 (D.N.J. Jan. 15, 2016).

The Bankruptcy Court entered an order on March 8, 2016 discharging the lis pendens, (ECF No. 3-2 at 29-30), and another order on April 14, 2016, dismissing the Amended Complaint (the "April 14 order").[4] (ECF No. 1-1). The second order is the subject of this appeal. In the April 14 order, the Bankruptcy Court held that dismissal was warranted on the grounds of claim and issue preclusion, because the Bankruptcy Court had already ruled that the April 30, 2015 order was not void, and that neither the sale of the Debtor's foreclosed property, nor the lack of notice to Wong, was improper because the bankruptcy proceedings ended prior to the sale. (*Id.* at 3-5). The Bankruptcy Court also stated that:

> [T]he party with standing to assert the Alleged Stay Violations and the Bankruptcy Notice Issues is the Debtor .... Ms. Wong, as a member of the Debtor, does not have standing to assert Alleged Stay Violations on the Bankruptcy Notice Issues on behalf of the Debtor. Nonetheless, the Court previously heard and considered the merits of the arguments made by G. Wong regarding the Alleged Stay Violations and Bankruptcy Notice Issues and determined them adversely to the Debtors.

(*Id.* at 5-6). The April 14 order lists Appellant in the caption as "Grace S. Wong – Member" and notes that the Bankruptcy Court is using the name from the caption in Appellant's Amended Complaint. (*Id.* at 1 & n.1).

On April 18, 2016, Wong filed a notice of appeal with this Court, listing herself in the caption as "Grace S. Wong" and omitting "Member." (ECF No. 1). On April 28, 2016, PNC filed a motion to dismiss, (ECF No. 3), which the Court granted in part and denied in part on February 28, 2017. (ECF No. 11). The Court dismissed Wong's appeal "insofar as it [wa]s brought on

---

[4] Wong filed a second lis pendens against the Debtor's property, which was recorded on March 11, 2016. (ECF No. 3-2 at 40-42). The second lis pendens was discharged with prejudice in the Bankruptcy Court's April 14 order. (ECF No. 1-1).

3

behalf of the Debtor . . . but not insofar as it [wa]s brought on behalf of Appellant herself[.]" (*Id.* at 1). The Court further ordered that the parties file their respective briefs addressing the remainder of Wong's appeal, which is currently before the Court.

## III. LEGAL STANDARD

United States district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a). A district court conducts a plenary review of the bankruptcy court's conclusions of law and may only set aside the bankruptcy court's findings of fact if they are clearly erroneous. Fed. R. Bankr. P. 8013; *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999). Review of facts under the "clearly erroneous" standard is "significantly deferential and requires a 'definite and firm conviction that a mistake has been committed.'" *Sheehan v. Dobin*, No. 10-5054, 2011 WL 1627051, at *2 (D.N.J. Apr. 28, 2011) (quoting *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993)). "The fact that a reviewing court could have decided the matter differently does not render a finding of fact clearly erroneous." *First Western SBLC, Inc. v. Mac-Tav, Inc.*, 231 B.R. 878, 881 (D.N.J. 1999) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985)). Where there are mixed questions of law and fact, the Court must break them down and apply the appropriate standard to each component. *See Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).

## IV. DISCUSSION

Appellant contends that the Bankruptcy Court erred when it decided that she did not have standing to assert alleged stay violations on behalf of the LLC. Section 362 of the Bankruptcy Code provides in relevant part that:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay[.]
>
> . . . .

4

> (k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362.

In support of Appellant's contention, she cites to Section 801 of the Uniform Limited Liability Company Act, which states that:

> (a) Subject to subsection (b), a member may maintain a direct action against another member, a manager, or the limited liability company to enforce the member's rights and protect the member's interests, including rights and interests under the operating agreement or this [act] or arising independently of the membership relationship.
>
> (b) A member maintaining a direct action under this section must plead and prove an actual or threatened injury that is not solely the result of an injury suffered or threatened to be suffered by the limited liability company.

Unif. Ltd. Liab. Co. Act § 801 (2013). Moreover, Appellant cites to *In re Kim*, No. 02-20654, 2008 WL 442120 (D.N.J. Feb. 14, 2008), in support of her contention that PNC willfully violated the automatic stay pursuant to 11 U.S.C. § 362(k)(1). (ECF No. 12 at 6).

Not only does Section 801 of the Uniform Limited Liability Company Act fall outside of the Bankruptcy Code, but Section 801 authorizes a member of a limited liability company to "maintain a direct action against *another member, a manager, or the limited liability company*." Unif. Ltd. Liab. Co. Act § 801 (emphasis added). Here, Wong has brought suit against a third party, PNC, and Section 801 is therefore inapplicable to the instant matter. Furthermore, in *In re Kim*, it was *the debtor*, not *a member of a corporate debtor*, that brought an action pursuant to Section 362 of the Bankruptcy Code. *See* 2008 WL 442120, at *1. As such, *In re Kim* is also irrelevant to this appeal.

Moreover, "[t]he automatic stay gives *debtors* a 'breathing spell' from creditors by stopping all collection efforts." *In re Olick*, 504 F. App'x 189, 193 (3d Cir. 2012) (emphasis

5

added) (citations omitted); *In re Rodriguez*, No. 07-24687, 2012 WL 589553, at *3 (Bankr. D.N.J. Feb. 22, 2012) ("Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as an automatic stay that protects the debtor and property of the estate."). "The purpose of the automatic stay is to protect the debtor and its creditors." *In re New Century TRS Holdings, Inc.*, 505 B.R. 431, 438 (Bankr. D. Del. 2014). "The automatic stay is for the benefit of the debtor and if it chooses to ignore stay violations other parties cannot use such violations to their advantage." *In re Fuel Oil Supply & Terminaling, Inc.*, 30 B.R. 360, 362 (Bankr. N.D. Tex. 1983); *In re Am. Film Techs., Inc.*, 175 B.R. 847, 850 (Bankr. D. Del. 1994) ("The automatic stay affords protection only to debtors and does not extend to 'co-tortfeasors,' 'joint obligors,' 'guarantors,' 'sureties,' or other non-debtor 'co-defendants.'"); *In re Garland*, No. 99-10120, 2001 WL 34798966, at *7 (Bankr. D. Vt. Aug. 1, 2001) ("Lastly, it is well-settled that, absent unusual circumstances, the automatic stay is available only to the bankrupt and not to a non-debtor third party or co-defendants.").

Here, Appellant admits that she herself is not the Debtor. (ECF No. 12 at 5 ("Wong, an individual who has suffered economic injury *as a member of the Debtor* . . . .") (emphasis added)). Accordingly, Appellant does not have standing to assert alleged violations of the automatic stay on behalf of the Debtor. *See In re New Century TRS Holdings, Inc.*, 505 B.R. at 439 ("At the time she filed this adversary proceeding, Ms. Carr was neither a debtor nor a creditor of the Debtors and, therefore, she lacks the authority to enforce the automatic stay either on behalf of the Debtors or herself."); *see also In re Globe Inv. & Loan Co., Inc.*, 867 F.2d 556, 560 (9th Cir. 1989) ("The appellants' cause of action under section 362 is a disingenuous attempt to use the Bankruptcy Code to their advantage. The appellants' request for relief shows them to be aggrieved property owners with interests adverse to the estate, not creditors. Whatever argument may be made for extending

the protection of section 362 to creditors, it clearly does not confer any rights to outside parties."); *In re Brooks*, 79 B.R. 479, 481 (Bankr. 9th Cir. 1987) ("[I]f the debtor or the trustee chooses not to invoke the protections of § 362, no other party may attack any acts in violation of the automatic stay."), *aff'd*, 871 F.2d 89 (9th Cir. 1989); *In re Stivers*, 31 B.R. 735, 735 (Bankr. N.D. Cal. 1983) ("[T]he automatic stay operates in favor of debtors and estates . . . it gives junior lienholders and other parties interested in the property affected by the automatic stay no substantive or procedural rights."); *In re Fuel Oil Supply & Terminaling, Inc.*, 30 B.R. at 362 ("The automatic stay is for the benefit of the debtor and if it chooses to ignore stay violations other parties cannot use such violations to their advantage.").

Accordingly, the Court finds that the Bankruptcy Court did not err in finding that Wong, as a member of the Debtor, lacks standing to assert alleged violations of the automatic stay on behalf of the Debtor.

## V. CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court is affirmed. An appropriate Order follows this Opinion.

_____
CLAIRE C. CECCHI, U.S.D.J.

DATED: October 2, 2018