NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br>69 NORTH FRANKLIN TURNPIKE, LLC,<br>Debtor | |
| GRACE S. WONG,<br>Appellant,<br>v.<br>PNC BANK, NATIONAL ASSOCATION.,<br>Appellee. | Civil Action No.: 16-02254 (CCC)<br><br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court by way of Appellant Grace S. Wong's ("Appellant") motion for reconsideration. ECF No. 18. Appellee PNC Bank, National Association ("Appellee") has opposed Appellant's motion. ECF No. 19. The Court decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Appellant's motion for reconsideration.

**I.    BACKGROUND**

Appellant filed a notice of appeal with this Court on April 20, 2016, appealing the Bankruptcy Court's decision dismissing her amended complaint on April 14, 2016. ECF No. 1. Appellee moved to dismiss the appeal on April 28, 2016 (ECF No. 3) and Appellant opposed the motion to dismiss (ECF No. 7). The Court granted in part and denied in part the motion to dismiss on February 28, 2017 and directed the parties to submit additional briefing. ECF Nos. 10 and 11. Following the parties additional briefing, the Court issued an opinion and order on September 28, 2018 affirming the Bankruptcy Court's dismissal and closing the case. ECF Nos. 15 and 16. The Court issued an amended opinion on October 2, 2018 replacing the September 28, 2018 opinion.

Appellant subsequently filed a motion for reconsideration on October 26, 2018 (ECF No. 18), Appellee filed a response in opposition on November 1, 2018 (ECF No. 19), and Appellant filed a reply on May 24, 2019 (ECF No. 20).

## II. **LEGAL STANDARD**

"[R]econsideration is an extraordinary remedy, that is granted *'very sparingly.'*" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (emphasis added) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere

'disagreement with the Court's decision' does not suffice." *Id.* (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

### III. ANALYSIS

The Court's October 2, 2018 Opinion found that the Bankruptcy Court did not err in finding that Appellant lacked standing to assert a violation of the automatic stay on behalf of the debtor. ECF No. 17 at 6 (Collecting cases and stating that as "Appellant admits that she herself is not the Debtor . . . Appellant does not have standing to assert alleged violations of the automatic stay on behalf of the Debtor."). After a review of parties' submissions, the Court holds that reconsideration of its October 2, 2018 opinion is not warranted. Appellant has not identified an intervening change in controlling law, new evidence not previously available, or the need to correct a clear error of law or prevent manifest injustice as is required to seek reconsideration of a prior decision. *See N. River Ins. Co*, 52 F.3d at 1218 (3d Cir. 1995). Appellant's motion is instead an improper attempt to relitigate arguments this Court previously rejected in its prior opinion in this case. *See P. Schoenfeld Asset Mgmt., LLC* 161 F. Supp. 2d at 352 (A motion for reconsideration "may not be used to relitigate old matters."). As Appellant is proceeding *pro se* in this matter, however, the Court will construe her arguments broadly. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The motion for reconsideration argues again that the Appellee violated the automatic stay put in place by the Bankruptcy Court and that Appellant has prudential standing to pursue this matter. ECF No. 18 at 7-8. Appellant has not offered, and the Court has not found through its own analysis, any reason to depart from its previous rulings on these arguments. Appellant is not

the debtor in this bankruptcy proceeding and therefore does not have standing to bring a claim for the alleged violation of the automatic stay put in place by the Bankruptcy Court. *See* ECF No. 17 at 6-7; *see also In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 100 (3d Cir. 2008) (quoting *In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994) ("The purpose of the automatic stay is 'to afford the debtor a breathing spell by halting the collection process. It enables the debtor to attempt a repayment or reorganization plan with an aim toward satisfying existing debt.'"); *Foster Owners Co. LLC v. Farrell*, 2015 WL 778758, at *2 n.7 (Under New Jersey law, "[a] limited liability company is an entity distinct from its members."). As Appellant has failed to convincingly argue that there has been an intervening change in controlling law, that new evidence exists, or that there is a need for the Court to correct a clear error of law or otherwise reconsider its prior opinion to prevent manifest injustice, the motion for reconsideration is denied.

## IV. CONCLUSION

For the aforementioned reasons:

IT IS on this 31st day of July 2019:

**ORDERED** that Appellant's motion for reconsideration, (ECF No. 18), is **DENIED**. The Clerk of the Court is directed to serve this Opinion and Order on Appellant by regular mail and shall close the file.

**SO ORDERED.**

CLAIRE C. CECCHI, U.S.D.J.